HENRY J. NEGUS, Plaintiff, *v.* LOUIS W. BECKER and THOMAS MANEY, Defendants.

*Party wall agreement — right to extend the wall for the whole length of the division line.*

A written agreement between Henry J. Negus and Andrew H. Krieger, the respective owners of two adjoining village lots, fixed and established their division line and provided that Negus should construct "on said line" as a center a party wall suitable to support a three-story brick building, and that Krieger should pay half the cost thereof. Negus built such a wall along the line for nearly its whole length, but did not extend it quite to the rear of his lot, leaving three feet of the line unbuilt upon. Krieger paid one-half the cost of this wall and thereafter conveyed his land, together with his party wall rights, to others, who extended the party wall to the end of the division line and built upon it. Negus thereupon brought an action of ejectment against them to recover the portion of his lot upon which such extension of the party wall was so built by the defendants.

*Held,* that while the contract did not in express terms designate the length of the division wall to be erected, it should be construed as devoting the entire length of the line to the uses of a partition wall; and that the plaintiff, having failed to build such a wall, was estopped from claiming that the defendants were not at liberty to occupy the remaining portion of the line with a wall.

MOTION by the defendants, Louis W. Becker and Thomas Maney, for judgment upon a verdict rendered in their favor at the Cattaraugus Circuit on the 22d day of February, 1893, by direction of the court subject to the opinion of the General Term.

The action was in ejectment, brought to recover the possession of a strip of land three feet long and one foot wide, at the rear end of a lot in the village of Salamanca.

*Hudson Ansley,* for the plaintiff.

*Wm. H. Henderson,* for the defendants.

LEWIS, J. :

The plaintiff and one Andrew H. Krieger owned adjoining lots of land fronting upon Main street in the village of Salamanca and extending easterly therefrom.

Plaintiff's lot was seventy-three feet in depth and Krieger's was ninety feet deep.

On the 1st day of June, 1886, plaintiff and Krieger entered into a written agreement, the material part of which is as follows:

" That said parties hereby agree upon the line between the land owned by them on Main street in Salamanca as now established and staked off......

" And each party agrees to release and quit claim to the other, with the release of dower, all his right, title and interest, the said Negus to all lands lying north of said line and said Krieger to all lands lying south thereof.

" It is further agreed that said Negus shall so soon as may be, construct on said line a stone foundation, which line shall be the center thereof, of suitable size and dimensions to support a three-story brick building, and to erect thereon a brick wall fifteen inches thick for one story and twelve inches thick for the other......

" And when so completed said Krieger shall pay to said Negus one-half the actual cost of such wall, and thereafter the said wall shall be owned jointly by the parties as a party wall.

" Said Krieger further agrees to pay to said Negus upon the execution of this agreement for said lands so conveyed on north side of said line two hundred dollars.

" And in consideration of said conveyance it is further agreed that said Negus shall put upon such south side of said wall and adjoining the same a suitable staircase, and that the same may be used by said Krieger, his agents, tenants and assigns in going to and from any building on north side of said wall.

" And that said staircase shall be used in common by the parties without hindrance to the other; and that said Krieger shall bear one-half expense of maintaining and repairing or rebuilding the same after same shall be so built.

" Witness," etc.

Negus constructed the foundation wall extending along said line the distance of seventy feet from Main street, one-half of it being on each lot. And he used the same as the northerly foundation wall for a two-story brick building which he erected upon his lot, leaving three feet of the line easterly of his building without a wall.

The parties thereafter quit claimed, pursuant to the terms of the contract, Negus to Krieger, the land lying north of the located line, and Krieger to Negus the land lying south of the line; and

Krieger paid to Negus one-half of the cost of the said stone and brick wall, and an indorsement was made upon the said contract to that effect.

Krieger thereafter, and in the month of December, 1889, conveyed his lot to the defendants, and by a written agreement, transferred to them all his right, title and interest in and to the party wall built by Negus, with the right to continue the wall from the rear end of the Negus wall easterly to the back end of the Krieger lot.

The defendants thereupon proceeded to erect upon their lot a three-story brick building, using the said division wall as the south wall of their building, and then extended the stone wall built by the plaintiff onto the rear end of their lot, covering the said three feet of the division line not built upon by the plaintiff. They completed their building three stories in height, and went into possession thereof.

During the construction of their building no objection was made to their occupying the three feet of land mentioned for the foundation wall. The plaintiff was not, however, during the time the defendants were constructing their building, a resident of the State, and the record does not show that he knew they were engaged in building the same.

While the contract does not in express terms designate the length of the division wall to be erected by plaintiff, it does provide that he shall construct upon said line a stone foundation wall of suitable size, etc. The agreement evidently contemplated that the buildings to be erected were for business purposes, and that to utilize them for that purpose it might be, and probably would be, necessary for one or both of the parties to extend his building the entire length of his lot.

It would hardly be claimed by the plaintiff that he was at liberty, by the terms of the contract, to build a wall say twenty or thirty feet in length, commencing ten or twenty feet back from the line of the street.

A wall of that length would not answer the defendants' purposes.

The reasonable construction of the contract, we think, devoted the entire length of the line to the uses of a partition wall; and the plaintiff having failed, for some reason not disclosed in the evidence,

to build such a wall, should be estopped from claiming that the defendants were not at liberty to occupy the remaining portion of the line with a wall.

He secured by the agreement the right to the use of defendants' land for his party wall, and justice forbids that he should require the defendants, in constructing their building, to build the stone wall upon their own land its entire width for the space of the three feet, and thereby mar the symmetry of the interior of their building. *Matthews* v. *Dixey* (22 N. E. Rep. 61) is an authority sustaining our construction of this contract.

The defendants' motion for a judgment upon the verdict should be granted, with costs.

DWIGHT, P. J., and HAIGHT, J., concurred.

Defendants' motion for judgment on the verdict granted, with costs.